Filed 5/26/23 P. v. Rizer CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061851 |
| v. | (Super. Ct. No. 04WF1401) |
| MICHAEL CHARLES RIZER, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Michael A. Leversen, Judge. Affirmed.

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*       \*       \*

The trial court denied defendant Michael Charles Rizer's Penal Code section 1170.95 petition to dismiss his murder conviction and to be resentenced (now Pen. Code, § 1172.6).[1] The court denied the petition, in part, because the jury found true an allegation that Rizer "personally used a firearm which caused death." Rizer filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Rizer did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) Thus, we affirm the order of the trial court.

I

PROCEDURAL HISTORY

In December 2006, a jury found Rizer guilty of murder and found true an allegation he personally discharged a firearm in the commission of the offense. The court sentenced Rizer to a total aggregate sentence of 40 years to life. This court affirmed the judgment on appeal. (*People v. Rizer* (Feb. 23, 2009, G039026) [nonpub. opn.].)

In January 2022, Rizer filed a postjudgment petition seeking to vacate his murder conviction and to be resentenced. (§ 1172.6.) The prosecution filed a response, which included a copy of the jury instructions used at trial, a copy of the verdict forms, and the underlying unpublished opinion.

In September 2022, the trial court conducted a prima facie hearing and denied Rizer's petition: "The jury was only instructed on the defendant as being the

_____

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

shooter -- with malice. [¶] There were no instructions given on felony murder or natural probable consequences or any other theory that would suggest a second person involved in this case. And the verdict is also finding that the defendant personally used a firearm which caused death." Rizer's trial counsel filed a notice of appeal on his behalf.

## II

## DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, after independently reviewing the record, we have found no arguable issues. (See *Wende*, *supra*, 25 Cal.3d at pp. 442-443 & fn. 3.) The absence of an instruction on the natural and probable consequences doctrine and/or the felony-murder rule, as well as the jury's true finding on the personal use of a firearm allegation confirms Rizer is ineligible for relief under section 1172.6 as a matter of law. Thus, the trial court properly denied the petition. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-972.)

## III

## DISPOSITION

The order is affirmed.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

SANCHEZ, J.